IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
__MACON__ DIVISION

QUESTIONNAIRE FOR PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C.§ 1983

RECEIVED
CLERK'S OFFICE
2013 OCT 25 AM 8:26
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

Kenneth Newsome,
GDC #1073829

(GIVE FULL NAME AND PRISON NUMBER OF EACH PLAINTIFF)

Plaintiff(s)

VS.

Mr. Blakely, Gregory McLaughlin, Michael Thomas and Counselor Carter

(NAME OF EACH DEFENDANT)

Defendant(s)

CIVIL ACTION NO: 5:13-CV-410

JURY TRIAL DEMAND

## I. GENERAL INFORMATION

1. Your full name and prison number(s): Kenneth Newsome, GDC#1073829
2. Name and location of prison where you are now confined: Macon State Prison 2728 Hwy 49 S., P.O. Box 426, Oglethorpe, Ga. 31068
3. Sentence you are now serving (how long?): ten (10) years
    (a) What were you convicted of? Agg. Stalking
    (b) Name and location of court which imposed sentence: Superior Court of Chatham County; Savannah, Georgia
    (c) When was sentence imposed? 2006
    (d) Did you appeal your sentence and/or conviction?   ☑ Yes   ☐ No
    (e) What was the result of your appeal? appeal denied
    (f) Approximate date your sentence will be completed: August 18, 2014

## II. PREVIOUS LAWSUITS

4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?   ☐ Yes   ☑ No

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH.)

(a) Parties to the previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

(b) Name of Court: _____

(c) Docket Number: _____ When did you file this lawsuit? _____

(d) Name of judge assigned to case: _____

(e) Is this case still pending?   ☐ Yes   ☐ No

(f) If your answer to (e) is "No," when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?) _____

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Where are you now confined? **Macon State Prison**

   (a) How long have you been at this institution? **eight (8) months**

   (b) Does this institution have a grievance procedure?   ☑ Yes   ☐ No

   (c) If your answer to question 6(b) is "Yes," answer the following:

   (1) Did you present your complaint(s) herein to the institution as a grievance?
       ☐ Yes   ☑ No

   (2) What was the result? _____

   (d) If your answer to question 6(b) is "No," explain why not: **Counselor Carter told me that this matter was not a grievable issue. When I inquire with Counselor Thomas, he stated that the situation was taken care of. To the contrary, I found out that the situation was not resolved.**

· 2 ·

(e) What, if anything, have you done to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to: I brought the issue to the attention of Mr. Blakely and Mr. McLaughlin during inspection on several occasions. I also submitted written letters to Mr. Blakely, Mr. McLaughlin and the counselors

7. In what other institutions have you been confined? Give dates of entry and exit.

Coastal State Prison - 2001 and 2006; D. Ray James - 2001-2002; Macon State Prison - 2006-2009, 2011-2012, 02/2013-Present; Smith State Prison - 2009-2011; Telfair State Prison - 2012-02/2013

## VI. PARTIES TO THIS LAWSUIT

8. List the name and address of each plaintiff in this lawsuit.

KNJr Kenneth Newsome, 2728 Hwy 49 S., P.O. Box 426, Oglethorpe, Ga. 31068

9. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

Mr. Blakely, Deputy Warden of Security, Macon State Prison
Gregory McLaughlin, Warden, Macon State Prison
Michael Thomas, Counselor and Classification Committee, Macon State Prison
Ms. Carter, Counselor, Macon State Prison

## V. STATEMENT OF CLAIM

10. In the space hereafter provided, and on separate sheets of paper, if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them. Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

Do not give any legal argument or cite any cases or statutes at this time; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULE 8 OF THE *FEDERAL RULES OF CIVIL PROCEDURE* REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, AND DIRECT. If the court needs additional information from you, you will be notified.

## STATEMENT OF CLAIM (Continued)

Where did the incident you are complaining about occur?  That is, at what institution or institutions?
Macon State Prison

When do you allege this incident took place? Currently on-going, dating as far back as Oct. 22, 2011

What happened? On October 22, 2011, I was physically assaulted by several inmates while confined at Macon State Prison. On said date, several inmates ambushed me in my cell during the early morning. The inmates physically attacked me as I was entering my cell returning from breakfast. As inmates struck me at my door, there were also inmates already awaiting in my cell at which they held me forcibly by knife and began to take numerous items of my personal property. After they took the property, it was stated that I was to leave the building and go on lock down and if I returned to general population, I would be killed. I immediately left the building and went to a prison official supervisor (Lt. Eady) who was posted at the Chow Hall. I was instructed to go to main control and then I was escorted to medical by Lt. Jackson. I was examined and treated at medical and then escorted to Admin. Seg. Unit (J-building). I immediately requested to be placed on protective custody (PC). In August 2012, I was transferred to Telfair State Prison where I immediately requested to be placed on PC. Officials initially denied placing me on PC and as a result thereof, I was again assaulted by another inmate. On February 21, 2013, I was transferred BACK to Macon State Prison. For the sake of my safety, health and welfare, I immediately notified prison officials (Lt. Rawls) and requested to be housed on Protective Custody. I was examined by medical and taken to the Admin. Seg Unit (J-building) of which I believed I was on Protective Custody Status. I received a Admin. Seg. Assignment Memo signed by Lt. Rawls stating that I was placed in segregation for "safety and welfare of the facility". As I remained in Admin. Seg., I over heard several inmates yelling, talking to one another through their window. A inmate Cummings was assigned to room 121/J-1 next to me where I was housed in room 122/J-1. He was conversating with Inmate Hill who was assigned to room 118/J-1. During their conversation, I overheard them speaking and found that Inmate Hill, James III is the son of James Hill whom attempted to rob me in 1999 in Savannah Georgia and I was convicted of agg. assault as I attempted to protect my life. Inmate Cummings is the uncle of Inmate James Hill. At the following inspection, I attempted to notify Mr. Blakely- the Deputy Warden of Security and I also attempted to notify Counselor Carter. Counselor Carter appeared to ignor my notification. When I asked her for a grievance form, she stated that this was not a grievable issue and walked away. I then forwarded a letter to Warden McLaughlin and to Mr. Blakely. When Counselor Thomas came to my cell to conduct the Classification hearing, I notified him. I also informed him that I had noticed my door chart

and it did not show that I was on Protective Custody Status. He told me not to worry and that officials were aware of my situation.

In September 2013, Inmate Cummings was relocated but Inmate James Hill Remained in J-1/room 118, the same housing unit as I.

On September 5, 2013, during inspection, I spoke to Mr. Blakely again. Not only was James Hill III still in the same housing unit with me, it appears that Prison officials were purposefully subjecting me to retaliatory actions. I have been refused access to telephone usage and visitation. Actions and inactions have been placed hindering my Parole which was suppose to have been in August 2013, unwarrantly.

On about October 3, 2013, the unit J-1 and all inmates thereof were moved to unit H-1 due to repairs. I was moved to H-1/room 122 and Inmate James Hill III was moved to H-1/118. This move was then reversed and J-1 inmates returned from H-1 to J-1. Upon returning, James Hill III returned to J-1/room 118. I was moved to the upper tier to another cell further from Inmate Hill of which I was newly assigned to room 221.

Please Note that although James Hill III was not present at the October 22, 2011 assault, it has been brought to my attention that Hill is a member of the same "GANG" that the individuals who assaulted and robbed me are members of.

On October 21, 2013, members of the Prison's CERT Team came to unit J-1 and told several inmates to pack their property to be moved to H-building. Included in those inmates were me and Inmate James Hill III. H-1 is to be a Program unit although with "some" limitations, the segregation level is not that of Protective Custody and furthermore Inmates would have more accessible access/contact which would make it easier to be assaulted.

I am submitting this Civil Action in regards to the "imminent danger" I am in with the fact that I am continuously being subjected to danger considering the issue regarding James Hill and others who are affiliated with the gang aforementioned and though I have made every effort to assure my status as being on Protective Custody and the disregard thereof. Although Prison officials have been repeatedly notified, they appear to ignore such in forcing me to live in a housing status that will not provide adequate protection from a knowledged potential threat.

Please note that as I am only trying to exercise my Constitutional Right to be free from physical or any injury which falls under Cruel and unusual punishment clause of the Eighth Amendment. I'm also submitting this Civil Action in regards to the

·5·

acts of retaliation committed against me by the Prison officials for my attempts to exercise my Constitutional Rights.

13. <u>LEGAL ARGUMENT</u>

PLAINTIFF Newsome files this current Civil Action due to violations of his Constitutional Rights by Prison officials - violating the Eighth and Fourteenth Amendments of the U.S. Constitution. Prose Plaintiff seeks to proceed in forma Pauperis. Prose Plaintiff seeks to proceed in such status because he doesn't have the available funds presently in his Inmate Account but seeks to pay the filing fee in installments as funds come available. Newsome has forwarded the Prison Account Certification Statement to the Business Office and awaiting its return to immediately forward to the Courts. In also complying with the mandates of the Prison Litigation Reform Act ("PLRA"), it provides that there is a "three (3) strikes" provision which requires prisoners to prepay the entire filing fee if three (3) or more previous cases by the prisoner were dismissed as frivolous or for failing to state a claim. PLAINTIFF Newsome acknowledges that he falls under the three-strike clause for such dismissals.

PLAINTIFF NEWSOME also, in this current matter, seeks to over-come such and provides that he qualifies for an exception to the three-strike clause under the "imminent danger" clause. § 1915(G) provides an exception to the three-strike rule under "imminent danger" <u>Smith v. Clemons</u>, 465 F. App'x 835, 835 (11th Cir. 2012). Plaintiff Newsome provides that he is in "imminent danger" due to threats made against his life and factors regarding individuals who pose a immediate threat of harm to Plaintiff despite his notification to officials. Documentation has been established to the assaults already committed against him and identification of individuals placed in his immediate living proximity whom pose a threat to him. Henceforth, Plaintiff satisfies and qualifies for the "Exception" to the three-strike rule and should be permitted to proceed in this Civil Action under In forma Pauperis status.

The Eighth Amendment forbids "cruel and unusual punishment" which provides that prison officials have a level of responsibility for the safety of prisoners and to prevent forwarded inmate on inmate assaults. Prison officials are liable if they fail to act on a specific warning of danger. <u>Farmer v. Brennan</u>, 114 S.Ct. at 1984 (1994)

Prisoners who take legal action against prison officials should not be subjected to acts of retaliation or "campaigns of harrassment" because inmate seeks to legally protect his or her Constitutional Rights. <u>Bart v. Telford</u>, 677 F.2d 622 (7th Cir. 1982)

Although Plaintiff provides this brief legal argument and citation of authority, he reserves a opportunity to supplement.

·6·

11. List the name and address of every person you believe was a witness to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened.
(USE ADDITIONAL SHEETS, IF NECESSARY)

*Witness names best known to the Plaintiff have been provided in my Statement of Claims and their addresses would be that of Macon State Prison (2728 Hwy 49 S., Oglethorpe, Ga. 31068)

12. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes.
(USE ADDITIONAL SHEETS, IF NECESSARY)

I am seeking a Preliminary Injunction and TRO providing that I be immediately placed on Protective Custody Status and housed as such - to not be subjected to harm, as well as retaliatory actions/inactions stop - that I receive the privileges as afforded to PC inmates - such as telephone access and visitation. That a Permanent Injunction be rendered to the above mentioned issues.
That nominal damages and punitive damages against All said Defendants in this current Civil action
And any other relief this Court deems available and necessary for the sake of justice.

13. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you <u>will</u> be afforded an opportunity to respond thereto.

14. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO <u>DILIGENTLY</u> PROSECUTE IT. That means you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case <u>before</u> you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT. IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE. If you fail to prosecute your case, it will be dismissed under Rule 41 of the *Federal Rules of Civil Procedure*.

Signed this 21 day of October, 2013.

*Kenneth Newsome*
(Signature of Plaintiff)